UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN T. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　Defendant. | **Case No. 1:16-cv-01253-EPG**<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD**<br><br>(ECF No. 11) |

　　　　On August 24, 2016, Plaintiff John T. Johnson filed a Complaint in this action challenging a decision by the Commissioner of Social Security. (ECF No. 2.) Defendant Carolyn W. Colvin has been served with the Complaint and has entered an appearance but has not yet answered the Complaint.

　　　　On October 6, 2016, Plaintiff's counsel Jared Walker of the Law Office of Jared T. Walker, P.C. filed a Motion to Withdraw as Counsel of Record for Plaintiff. (ECF No. 11.) Defendant did not file any opposition to the Motion. The matter was heard on December 2, 2016 before the Magistrate Judge Erica P. Grosjean. Walker appeared telephonically at the hearing and Plaintiff appeared personally.[1] After considering the pleadings and arguments by the parties and

---

[1] Plaintiff was delayed and appeared after Walker had disconnected from the Court's conference line.

1

for the reasons set forth below, the Court GRANTS the Motion to Withdraw as Counsel of Record.

**I.   DISCUSSION**

Rule 182(d) of the Local Rules of the United States District Court, Eastern District of California provides that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona*, without leave of court. "Withdrawal of an attorney is governed by the Rules of Professional Conduct of the State Bar of California." Local Rule 182(d). Under those rules, permissive withdrawal of an attorney is allowed when, among other things, a client "breaches an agreement or obligation to the member as to expenses or fees." Cal. Rule of Prof'l Conduct 3-700(C)(1)(f). Courts maintain the discretion to grant or deny a motion to withdraw as counsel, however. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). In considering such a motion, courts may consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010). "Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." Local Rule 182(d).

Attorney Walker has requested permission to withdraw from this case because he has discovered that Plaintiff currently owes debt that will be subject to the federal Treasury Offset Program. The Program will require any fees awarded to Plaintiff, including attorney's fees, to be garnished to pay off the debt. The existence of this debt is a breach of the retainer agreement Plaintiff signed with Walker. The Court finds that good cause exists to allow the Law Office of Jared T. Walker to withdraw as Plaintiff's counsel of record. Defendant has yet to file an answer in this case and there are no currently pending deadlines for Plaintiff to meet. The withdrawal will thus create little prejudice for any party, will not harm the administration of justice, and will not cause unnecessary delay in the resolution of the case.

///

///

## II. ORDER

For the reasons set forth above, the Motion to Withdraw as Counsel of Record (ECF No. 11) is GRANTED. Accordingly, IT IS HEREBY ORDERED that:

1. The Law Office of Jared T. Walker is relieved as counsel of record for Plaintiff. Plaintiff shall be substituted in to proceed in the case *pro se* and all future communications shall be directed to Plaintiff directly at: John T. Johnson, 8318 South Fowler Avenue, Fowler, California 93625. The docket shall also be updated to reflect Plaintiff's phone number as (559) 240-9154;

2. Within **30 days** after entry of this Order, the Law Office of Jared T. Walker shall provide Plaintiff with a copy of his complete case file, if it has not already done so.

As explained at the hearing, the Court recommends that Plaintiff retain new counsel to represent him in this litigation. In the event they are unable to do so, Plaintiff is responsible for complying with all court rules and applicable laws. Failure to do so, and failure to comply with any order of the court, may result in sanctions or dismissal of this action. Plaintiff is also advised to keep the Court apprised of their current mailing address and telephone number. Failure to do so may result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **December 2, 2016**           /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE