**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN T. JOHNSON,<br><br>       Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Commissioner of Social Security,<br><br>       Defendant. | Case No. 1:16-cv-01253-AWI-EPG<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>(ECF Nos. 7, 23)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

       Plaintiff John T. Johnson, proceeding *pro se* and *in forma pauperis*, commenced this action on August 24, 2016, requesting a review of the Commissioner's denial of his claim for disability benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* and 1381 *et seq.* (ECF No. 2). On August 26, 2016, the Court entered a scheduling order requiring Plaintiff to file an opening brief within 95 days after service of the administrative record. (ECF No. 7). Defendant lodged the administrative record on January 3, 2017. (ECF No. 18). Plaintiff failed to file his opening brief within 95 days thereafter, before April 9, 2017.

       On August 15, 2017, this Court issued an Order to Show Cause, directing Plaintiff to file a written response to the order within 10 days. Plaintiff has failed to respond to the Order to Show Cause. Therefore, the Court recommends that Plaintiff's case be dismissed for failure to comply with a court order and failure to prosecute.

       District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal." *Thompson v. Housing Auth.,* 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order. *See* Fed. R. Civ. P. 41(b); Local Rule 110 ("F]ailure of counsel or of a party to comply with these Rules

1

or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power'. . . ."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with court order). Nevertheless, dismissal is a harsh penalty that should be imposed only in extreme circumstances. *Thompson,* 782 F.2d at 831.

To determine whether to dismiss an action for failure to prosecute or failure to obey a court order, the court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831. This multi-factor test is "not mechanical," *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007), and the court "need not make explicit findings regarding each of these factors," *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

The first two of the five factors favor the dismissal in most cases, while the fourth cuts against dismissal. *See Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir.1990). This is true for this case as well. The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because the case has been pending since August 24, 2016. Plaintiff has shown no interest in participating in the litigation any further. However, the public policy favoring disposition of cases on their merits cuts against dismissal.

The risk of prejudice to Defendant also weighs in favor of dismissal. "[T]he pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). However, "[a] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp.*, 913 F.2d at 1412. Furthermore, a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v.*

2

*Air West*, 542 F.2d 522, 524 (9th Cir. 1976). This case cannot proceed until Plaintiff identifies his legal claims in an opening brief. The deadline for Plaintiff to file an opening brief was over eight months ago. Defendant remains unable to defend this action as the case is stalled until Plaintiff files an opening brief.

Finally, a court's warning to a party that her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. The Court's August 15, 2017 Order to Show Cause warned Plaintiff that this case may be dismissed if he failed to respond to the Order. (ECF No. 23.) Almost four months have passed since the 10-day deadline for Plaintiff to file a response to the Order to Show Cause. Plaintiff, however, has failed to offer any explanation for his delay or refusal to prosecute this case. There are few sanctions that could compel a plaintiff to prosecute an action that he or she is simply uninterested in pursuing. Thus, the fifth factor—the availability of less drastic alternatives—also weighs in favor of dismissal.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED, without prejudice, for Plaintiffs' failure to failure to prosecute and failure to comply with the Court's August 15, 2017 Order to Show Cause.

These findings and recommendations will be submitted to the United States District Judge assigned to this case pursuant to the provisions of Title 28 of the United States Code section 636(b)(1). Within **fourteen (14)** days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015).

IT IS SO ORDERED.

Dated: **December 26, 2017**          /s/ Erin P. Gros
                                      UNITED STATES MAGISTRATE JUDGE